Filed 4/30/25  P. v. Lopez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083906 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN420969) |
| MANUEL ANTONIO LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Bradley A. Weinreb, Judge.  Affirmed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Manuel Antonio Lopez appeals from a judgment imposing an aggregate sentence of 22 years in prison based on the upper rather than the middle or

low term. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

I.

In 2023, Lopez pled guilty to attempted murder (Pen. Code, §§ 664, 187(a); count 1) and admitted (1) he personally discharged a firearm (§ 12022.5(a)), (2) he personally inflicted great bodily injury (§ 12022.7(a)), and (3) he committed the offense for the benefit of a criminal street gang (§ 186.22(b)(1)). Lopez further admitted his prior convictions were numerous and of increasing seriousness.

Prior to sentencing, psychologist Morgan Shaw submitted an evaluation to the court stating Lopez "met the criteria for a diagnosis of Posttraumatic Stress Disorder." (Italics and bolding omitted.) Lopez also filed a motion to strike and a statement in mitigation for the purposes of sentencing. One of the described "circumstances in mitigation" was: "The commission of the current offense is connected to the defendant's prior victimization or childhood trauma . . . . In a recent evaluation, Mr. Lopez met the criteria for a diagnosis of Posttraumatic Stress Disorder . . . . In addition, he was found to have PTSD based on his childhood years." (Bolding omitted.) As such, Lopez's defense counsel argued it had "demonstrated sufficient factors in mitigation to justify imposing the lower range."

In 2024, the court sentenced Lopez to a total prison term of 22 years, using the upper term. At the sentencing hearing, the court found and weighed aggravating factors under rule 4.421 of the California Rules of Court, such as Lopez's gang-related conduct, prior criminal history, and general tendency toward violence with weapons. As to rule 4.421(a)(1) and (b)(1) through (5), the court concluded, "Those factors are all apparent in this particular case."

The court noted, "While there may be some mitigant that I have before me in terms of PTSD," "I don't find that to necessarily be so mitigating on your behalf." "So I look at all of those factors that I've discussed on the record and it is clear that this is not a case in which a low term should be selected." The court additionally stated, "But I'm looking at the rules of court, aggravating factors and mitigating factors that I have to apply and these aggravating factors clearly outweigh the mitigating factors, which is why the court is selecting the upper nine-year term."

## II.

Lopez contends the trial court abused its discretion by failing to apply section 1170(b)(6)'s mandatory low-term presumption because the record shows his childhood trauma and PTSD contributed to his offense. He argues remand is required because the record does not clearly indicate he would have received the upper-term sentence had the trial court been aware of the section 1170(b)(6) presumption. Alternatively, Lopez contends defense counsel's failure to expressly argue the applicability of section 1170(b)(6) rises to the level of ineffective assistance of counsel.

In 2022, several amendments to section 1170 went into effect. (Stats. 2021, ch. 695, § 5.3.) "Based on those amendments, a trial court may impose no greater than a middle-term sentence unless it relies on aggravating factors that (with the exception of prior convictions in a certified record) have been found true beyond a reasonable doubt or stipulated to by the defendant." (*People v. Caparrotta* (2024) 103 Cal.App.5th 874, 904.) Amended section 1170(b)(6) further provides a sentencing court *shall* impose the low term if psychological, physical, or childhood trauma was a contributing factor in the commission of the offense, *unless* the court concludes the aggravating circumstances outweigh the mitigating

3

circumstances and imposing the low term "would be contrary to the interests of justice."

"[I]n light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) "After a sufficient factual basis to support the circumstances in aggravation or mitigation is found, the court enjoys broad discretion in its sentencing determination." (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 205.) We review a trial court's sentencing determination for abuse of discretion. (*People v. Moseley* (2024) 105 Cal.App.5th 870, 874.)

Here, absent evidence to the contrary, we presume the trial court knew of and applied section 1170(b)(6)'s low-term presumption. When the court sentenced Lopez, amended section 1170(b)(6) had been in effect for more than two years. The court referenced and considered Lopez's PTSD diagnosis as a mitigating factor. It concluded, however, the aggravating factors clearly outweighed the mitigating ones. Just because the trial court failed to cite section 1170(b)(6) does not prove it failed to apply it. (*Caparrotta*, 103 Cal.App.5th at p. 905 ["[A]lthough the trial court did not specifically mention [section 1170(b)(6)], it is presumed to have known of the provision."].) And no authority requires the court to state expressly on the record that imposition of the low term "'would be contrary to the interests of justice'" in order to fulfill its obligations under section 1170(b)(6). (*Id.* at p. 906, fn. 14.)

Lopez analogizes to *People v. Panozo* (2021) 59 Cal.App.5th 825 and *People v. Fredrickson* (2023) 90 Cal.App.5th 984 to argue the record here does not affirmatively show the trial court understood and applied

4

section 1170(b)(6), thus requiring us to conclude the trial court erred. But we are not persuaded.

The statutes at issue in *Panozo* were sections 1170.9 and 1170.91. (*Panozo*, 59 Cal.App.5th at p. 828.) Unlike section 1170(b)(6), these statutes expressly require the court to, "prior to sentencing, make a determination as to whether the defendant . . . may be suffering from" PTSD and, if so, consider that fact in favor of granting probation and as a mitigating factor in sentencing. (Pen. Code, §§ 1170.9(a) & (b), 1170.91(a).) At the sentencing hearing, the court failed to make the required PTSD determination or include the defendant's PTSD as one of the mitigating factors it expressly referenced on the record. (*Panozo*, at pp. 837-839.) The court of appeal concluded from these facts that the record was ambiguous, rather than silent, as to the court's understanding of its obligations under sections 1170.9 and 1170.91 such that a remand for resentencing was appropriate. (*Id.* at pp. 837, 840-841.)

Here, unlike in *Panozo*, the record is silent as opposed to ambiguous as to the sentencing court's apprehension of its sentencing obligations. Unlike in *Panozo*, the court here found Lopez's PTSD diagnosis to function as "some mitigant." We therefore presume the court knew of and applied section 1170(b)(6)'s low-term presumption. *Panozo* is therefore inapt.

*Fredrickson* at least concerns section 1170(b)(6), but it is distinguishable because the issue was whether the defendant had made a sufficient initial showing that her youth contributed to the commission of the offense to trigger the low-term presumption. (*Fredrickson*, 90 Cal.App.5th at pp. 991-992.) We agree with Lopez that such an initial showing was made here; accordingly, the relevant issue is whether the record affirmatively demonstrates the court appropriately considered the relevant factor in

exercising its sentencing discretion. The record shows the court weighed the mitigating and aggravating circumstances, including Lopez's PTSD. The court noted Lopez "was diagnosed with PTSD from early childhood trauma" and has "had to deal with being a product of his environment living in a gang-in[f]ested neighborhood." Because the matter here does not concern the threshold inquiry into what adequately evidences a contributing factor in the commission of an offense for section 1170(b)(6) purposes, *Fredrickson* does not assist Lopez.

The court's express consideration of Lopez taking responsibility does not disprove it considered his PTSD during sentencing. The court stated, "the only factor that kind of sways me one way is the fact [Lopez] took responsibility after the preliminary hearing in this case." That statement does not prove the court failed to consider Lopez's PTSD; it merely proves Lopez's PTSD did not sway it as his taking responsibility did. The trial court previously concluded PTSD was "some mitigant." It therefore weighed it as such. But it ultimately concluded "this is not a case in which a low term should be selected." Whether it was a persuasive mitigating factor and the weight to give it were for the sentencing court to determine.

In sum, we conclude on this record that the court was aware of and exercised its sentencing duty under section 1170(b)(6). Its references to PTSD and weighing the mitigating and aggravating circumstances are sufficient to affirmatively show its compliance with the statute. Given our disposition of this matter, we need not address the parties' remaining arguments.

6

### III.

We affirm.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.